GILLIAN, Appellant, v. SCHMIDT and WILSON, Respondents.

St. Louis Court of Appeals, May 26, 1908.

1. **PRACTICE: Waiver of Jury: Timely Exception.** An appellant is not in position to make the point that the record failed to show a jury was waived in a case tried without a jury where the matter was not called to the attention of the trial court by motion for new trial.

2. **EVIDENCE: Legal Conclusions.** In an action to enforce a mechanic's lien by a subcontractor, the statement of the original contractor that he did not let the contract for the work for which the lien was claimed to the plaintiff, but did let it to another, was competent; it was not open to the objection that such statement was a legal conclusion where there was no cross-examination for the purpose of showing the witness was mistaken.

3. ————: **Judgment Between Other Parties.** In an action to enforce a mechanic's lien by a subcontractor, a judgment offered by the defendant showing that another subcontractor had enforced a lien for the same work and material as that sued for, was incompetent, the plaintiff not being a party to such other action.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Ed L. Drum* and *Frank Kelly* for appellant.

That witnesses should be required to state facts and not opinions and conclusions is too well established to admit argument at our hands.  Greenleaf on Evidence (11 Ed.), sec. 440; McKelvey on Evidence (Hornbook Series), 171, 172.  A witness is to state facts rather than his opinion.  17 Cyc., p. 25.  In Madden v. Railway, 50 Mo. App. 673, the court said, "The general rule is that witnesses, who are not called upon to testify as experts, must state facts and not conclusions. The reason rests upon the obvious principle that it is for the jury, and not for the witness, to draw conclusions."  And cite Missouri cases as follows:  Gregory v. Chambers, 78 Mo. 299; Hurt v. Railroad, 94 Mo. 260; King v. Railroad, 98 Mo. 235.

*R. G. Ranney* for Mrs. Wilson.

But both claims for reversal made by appellant, if error at all, are harmless error, for the reason that the judgment is supported by legitimate and relevant testimony, and is for the right party.  Burkholder v. Henderson, 78 Mo. App. 287; Ittner v. Hughes, 133 Mo. 689.

BLAND, P. J.—Defendant Schmidt, under a contract with defendant Louisa Wilson, constructed a dwelling house for her in the city of Cape Girardeau. Schmidt subcontracted the plastering to plaintiff or to one Thurbin, at 28 1-2 cents per yard.  There was 911 yards of plastering and Thurbin put it all on. Plaintiff is a druggist and did none of the work, but contends that he subcontracted the plastering from

Schmidt, the original contractor, and hired Thurbin to do the work. He filed his mechanic's lien on the house for the contract price of the plastering, $259.65. The suit is to enforce the lien. The answer was a general denial. The trial was to the court without the intervention of a jury, and the finding and judgment for defendants.

1. Plaintiff makes the point that the record does not show a jury was waived. If a jury was not waived, plaintiff should have called the court's attention to the fact in his motion for new trial and thus have given the court an opportunity to correct the error of mistake. This was not done and it is too late to raise the question here for the first time.

2. Schmidt testified by deposition, from which we quote the following:

"Q. To whom did you (Schmidt) let the contract to do the plastering for that house? Objected to; states a conclusion. Overruled and exception. A. Mr. Thurbin.

"Q. State whether or not, you as the original contractor for that building, you made any contract or agreement with any other person for the plastering on that building? Objected to ; states a conclusion. Overruled; exception. A. I did not." That the contract was a verbal one, at 27 3-8 per yard.

"Q. State whether or not you ever at any time made a contract with the plaintiff to do any of the plastering on that house or authorized him in any way to do the work or furnish any materials that went into the construction of that building? Objected to; overruled; exception. A. No, sir, I did not."

It is contended that Schmidt's answers, that he let the contract for the plastering to Thurbin, and did not let it to Gillian, the plaintiff, were statements of legal conclusions and not statements of facts. Schmidt stated the facts as he understood them to be, and

whether or not he was correct could have been developed by a cross-examination. This was not done. In such circumstances and in so simple a matter as letting a contract to plaster an ordinary dwelling house, when the contractor is not likely to be mistaken in the person to whom he subcontracted, we do not think his statement in his deposition, that he let it to one person and not to another, is open to the objection that it is a legal conclusion, especially when there was no attempt by cross-examination to show the witness was mistaken.

3. Thurbin died and his widow, who was executrix of his estate, foreclosed a mechanic's lien filed by Thurbin against the house for the contract price of the plastering, and Mrs. Wilson paid the judgment. Over plaintiff's objections, the court permitted defendant Wilson to offer the record of this proceeding in evidence. Gillian was not a party to Thurbin's suit and was not bound by the judgment or any of the proceedings in the case. Both the Thurbin and Gillian liens were on file when the Thurbin suit was commenced, and if Mrs. Wilson did not want to contest two suits for the same fund, or was in doubt as to which of the claimants should have the fund, she should have paid it into court and asked that the rival claimants interplead for it; failing to do this, she cannot plead or offer in evidence the judgment in the Thurbin case as a defense against plaintiff's claim. There was evidence pro and con as to whether Thurbin or Gillian were subcontractors under Schmidt for the plastering, and doubtless the admission of the Thurbin judgment in evidence influenced the court to Gillian's prejudice, wherefore the judgment is reversed and the cause remanded. All concur.